Chester BANKS, Appellant,

v.

Paul J. MADIGAN, Warden, United States Penitentiary, Alcatraz, California, Appellee.

No. 17097.

United States Court of Appeals Ninth Circuit.

Oct. 24, 1961.

**652**

Chester Banks, in pro. per.

Laurence E. Dayton, U. S. Atty., and John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before ORR, POPE and MERRILL, Circuit Judges.

PER CURIAM.

Petitioner is imprisoned pursuant to a judgment and sentence of the District Court for the Western District of Washington. He was charged and convicted on four counts of an indictment alleging violation of the narcotics laws and also pleaded guilty to a charge of two previous violations. Petitioner appeals from a dismissal of his petition for a writ of habeas corpus under 28 U.S.C.A. § 2255. He alleges that the judgment pronounced from the bench ordered the sentences to run concurrently so that the maximum time he was to serve was ten years, and that he has now served ten years but is being held on the mistaken theory that two of the ten year sentences were to run consecutively.

Petitioner's contention is that a variance exists between the oral judgment pronounced from the bench and the written judgment subsequently filed and that under such circumstances the judgment orally pronounced should control.

We quote in part from a transcript of the proceeding had at the time of the pronouncement of judgment:

"The Court: It will be the judgment and sentence of the Court that the defendant, Chester Banks * * be committed to the custody of the Attorney General * * * for imprisonment * * * for a period of ten years on Count one, ten years on Count two, ten years on Count three, ten years on Count four. The sentences on Counts one and three will be concurrent and the sentences on Counts two and four will be concurrent. Is that clear? And on each count a fine of five hundred dollars * * * and there also the fines will be concurrent on each of the counts. Or to put it another way, we will put a fine of five hundred dollars on Count one and a fine of five hundred dollars on Count two. In other words, make a total fine of a thousand dollars committed.[1] Is that clear?

"Mr. Harris (The District Attorney): Yes, Your Honor.

---

[1] This cumulation of two of the fines at least inferentially supports the theory of intended consecutiveness of two of the prison sentences.

"The Court: Do you understand it, Mr. Kadish?

"Mr. Kadish (Petitioner's Counsel): Not quite, Your Honor. I understand Counts one and three are concurrent?

"The Court: Counts one and three relating to the transaction of December 9, 1952 are concurrent. The sentences on Counts two and four are likewise concurrent.

"Mr. Harris: I wonder, if Your Honor please, for the sake of time, knowing that Your Honor did not have any discretion in this matter, I have taken the liberty to prepare a judgment and sentence and order of commitment and submit the order to Your Honor now. I have given a copy to counsel and I might state that this judgment and sentence could comply with the terms orally announced by Your Honor with the following insertions:

"On page 2, line 20, if Your Honor would insert 'a period of ten years,' the words 'ten years' after the word 'of.' 'Ten years' on line 21, 'ten years' in line 22, and 'ten years' in line 23. Then if Your Honor please, in line——

"The Court: Just one moment. Yes.

"Mr. Harris: In line 25 if the word inserted there would be 'consecutive to.'[2]

"The Court: Yes.

"Mr. Harris: And after the word 'not,' the word 'concurrent.'

"The Court: Yes.

"Mr. Harris: Then in line 27 after the word 'be' insert the word 'concurrent' and in the same line

after the word 'not' insert the word 'consecutive.'

"The Court: Yes, that will comply in my judgment with the sentence. Will you examine that now, Mr. Kadish, carefully and see if you agree.

"Mr. Harris: Now, if Your Honor please to complete the sentence, still on page 2, Your Honor has invoked a total fine of one thousand dollars.

"The Court: Yes.

"Mr. Harris: If Your Honor would write in the sum of '250 making a total fine of $1,000' it would be in compliance with your oral announcement.

"The Court: Yes, that will be, the sentence will be modified to that extent.

"Mr. Harris: The total fine is a thousand dollars.

"The Court: That is right. I have interlined the original form of judgment to such effect and I have placed my initials in the margin at three different places to indicate that all of the interlineations on the page are in my handwriting and with my approval.

"Now, as so interlined, Mr. Kadish, are you satisfied that the judgment, the formal judgment complies with the sentence of the court?

"Mr. Kadish: It conforms to your oral presentation of sentence.

"The Court: Conforms I should have said, of course. The judgment will be signed and the Clerk is directed to enter it."

The oral statements by the court from the bench that the corrected written

---

2. The language being referred to reads as follows, with the underlined portions indicating the handwriting of Judge Boldt: " * * * for the period of Ten (10) years on Count I of the Indictment, for the period of Ten (10) years on Count II of the Indictment, for the period of Ten (10) years on Count III of the Indictment, and for the period of Ten (10) years on Count IV of the Indictment, the execution of the sentence on Count II shall be Consecutive to and not Concurrent with, the execution of the sentence on Count I, and the execution of the sentences on Counts III and IV shall be Concurrent with, and not Consecutive to, the execution of the sentences imposed on Counts I and II."

judgment conformed to the judgment theretofore pronounced, read in their appropriate context, constituted an oral pronouncement that the sentence on combined counts one and three and on combined counts two and four were to run consecutively.

Affirmed.